UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

SHREVEPORT DIVISION

| | |
|---|---|
| **DANIEL-RALPH BISHOP**<br>    aka DANIEL RALPH BISHOP<br>    FED. REG. NO. 09634-036<br>VS. | **CIVIL ACTION NO. 5:15-cv-1782**<br><br>**SECTION P**<br><br>**JUDGE S. MAURICE HICKS** |
| **CHARLES SAMUELS, JR., ET AL.** | **MAGISTRATE JUDGE KAREN L. HAYES** |

REPORT AND RECOMMENDATION

*Pro se* plaintiff Daniel-Ralph Bishop, proceeding *in forma pauperis*, filed the instant civil rights action pursuant to *Bivens v. Six Unknown Narcotics Agents* on May 28, 2015.[1] Plaintiff is an inmate in the custody of the Federal Bureau of Prisons (BOP). He is incarcerated at the Federal Correctional Institution – Oakdale where he is serving a sentence of 188 months imposed by the United States District Court for the District of Maine following his 2004 conviction for being a felon in possession of a firearm. *See United States of America v. Daniel Ralph Bishop*, No. 1:04-cr-00024 (D. Me); conviction and sentence affirmed, *United States of America v. Daniel Ralph Bishop*, 453 F.3d 30 (1st Cir. 2006), *cert. denied, Bishop v. United States of America*, 549 U.S. 1013 (2006).

Plaintiff identified the following individual defendants and provided their residences:

1. Charles Samuels, Jr., the Director of the BOP who resides in the District of Columbia;
2. Jeffrey Grondolsky, the Warden of FMC Devens Prison, who resides in

---

[1] Plaintiff invoked the jurisdiction of this Court under Article III of the Constitution, the Declaration of Independence; 28 U.S.C. §1332; 28 U.S.C. §1350, the Alien Tort Claims Act and Bivens, "the equivalent of a Section 1983 action found under Title 42 of the United States Code." [Doc. 1, p. 1]

Massachusetts;
3. J.L. Norwood, Northeast Regional Director of the BOP, who resides in Pennsylvania;
4. Officer Johnson, the Asst. Warden of FMC Devens, who resides in Massachusetts;
5. D. Brown, an S.I.A. Officer at FMC Devens, who resides in Massachusetts;
6. Paul Lyons, an S.I.S. Officer at FMC Devens, who resides in Massachusetts;
7. Nelson Elias, a Unit Manager at FMC Devens, who resides in Massachusetts;
8. A. Amico, a Disciplinary Hearing Officer at FMC Devens, who resides in Massachusetts;
9. A. Day, a Case Manager (presumably at FMC Devens), who resides in Massachusetts;
10. H. Gallant, a Case Manager (presumably at FMC Devens), who resides in Massachusetts;
11. T. O'Conner, a Counselor (presumably at FMC Devens), who resides in Massachusetts;
12. Jason Nelson, a Counselor (presumably at FMC Devens), who resides in Massachusetts;
13. T. Nolan, a Counselor (presumably at FMC Devens), who resides in Massachusetts;
14. T. Viles, a Counselor (presumably at FMC Devens), who resides in Massachusetts;
15. John A. Woodcock, Jr., a United States District Court Judge for the Maine District, who resides in Maine;
16. Margret J. Kravchuk, a United States Magistrate Judge for the Maine District, who resides in Maine;
17. Gail Fish Malone, Assistant United States Attorney for the Maine District, who resides in Maine; and,
18. Eva or Evan Roth, Assistant United States Attorney for the Maine District, who resides in Maine; See Doc. 1, pp. 2-4.

Plaintiff also claims that the spouses of each defendant are "co-conspirators" and that he intends to name an addition 50 respondents "not yet known but to be added when ascertained."

According to plaintiff, these defendants violated his Constitutional rights either prior to or during his trial in the District of Maine and during the period he was incarcerated at the FMC-Devens in Massachusetts. [See Doc. 1, ¶1-160; ¶161-224] Plaintiff prays for compensatory damages in the amount of $50,000,000, $10,000,000 in actual damages and an unspecified

amount of punitive damages. He also asks the Court to order the Defendants to re-instate "good time" and other privileges that were unlawfully taken as well as the return of his illegally seized documents, letters, papers, and reference materials and for his transfer back to FMC Devens in Maine. [Doc. 1, pp. 25-26]

*Law and Analysis*

*1. Venue*

Plaintiff has invoked the jurisdiction of the Court pursuant to *Bivens* and 28 U.S.C. §1332. Venue in a *Bivens* action is governed by 28 U.S.C. § 1391(b). *See Stafford v. Briggs*, 444 U.S. 527, 542–45, 100 S.Ct. 774, 784–85, 63 L.Ed.2d 1 (1980). Likewise, venue in a diversity of citizenship suit is also governed by the provisions of Section 1391(b).

Section 1391(b) permits venue only in the judicial district where any defendant resides, if all the defendants reside in the same State, or where a substantial part of the events or omissions giving rise to the claim occurred, or where any defendant may be found, if there is no district where the action may otherwise be brought. None of the defendants (or their spouses) reside in the Western District of Louisiana; none of the events or omissions complained of occurred here; and none of the defendants may be found here. In short, venue is improper in this District.

*2. Habeas Corpus*

In addition to money damages, the return of his documents, and his transfer back to prison in Massachusetts, plaintiff also asks the Court to reinstate "good time" credits which he claims were unlawfully forfeited. To the extent that the good time was lost as a result of a disciplinary hearing, such claim is not proper in a civil rights suit. "A prisoner cannot, in a § 1983 action, challenge the fact or duration of his confinement or recover good-time credits lost

3

in a prison disciplinary proceeding." *Clarke v. Stalder*, 154 F.3d 186, 189 (5th Cir.1998) (citing *Preiser v. Rodriguez*, 411 U.S. 475, 487 (1973)). Thus, to the extent that plaintiff, through this proceeding, seeks restoration of the forfeited "good time" credits, he has failed to state a claim for which relief may be granted and his complaint is subject to dismissal on that basis. The restoration of forfeited good time credits must be pursued in a *habeas corpus* action filed pursuant to 28 U.S.C. § 2241. *Preiser*, 411 U.S. at 500; see also *Muhammad v. Close*, 540 U.S. 749, 750, 124 S.Ct. 1303, 1304 (2004) ("Challenges to the validity of any confinement or to particulars affecting its duration are the province of *habeas corpus*.")

Therefore, to the extent that plaintiff seeks his speedier release from custody in this civil rights litigation, such claim is subject to dismissal for failing to state a claim for which relief can be granted pursuant to 28 U.S.C. 28 U.S.C. § 1915A(b)(1).

### *Conclusion and Recommendation*

Accordingly,

**IT IS RECOMMENDED THAT** this civil action be **DISMISSED WITHOUT PREJUDICE** to plaintiff's right to re-file in a Court of proper venue; **IT IS FURTHER RECOMMENDED** that to the extent that plaintiff seeks habeas corpus relief in this proceeding, that such claims be **DISMISSED WITHOUT PREJUDICE** to plaintiff's right to re-file the appropriate civil action in the proper forum.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or

response to the District Judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See, Douglass v. United Services Automobile Association*, **79 F.3d 1415 (5th Cir. 1996).**

In Chambers, Monroe, Louisiana, September 30, 2015.

_____
KAREN L. HAYES
UNITED STATES MAGISTRATE JUDGE